Morton J.
delivered the opinion of the Court. It is true, as was contended by the defendants’ counsel, that a custom for the owners of adjoining closes, not separated by partition fences, to turn their teams upon each other’s land in ploughing, is good. It enables the respective owners more conveniently and advantageously to improve their lands. It is also founded on reciprocity and is promotive of husbandry. But a custom for the inhabitants of a certain place, or the owners of a certain close, to pass over the soil of another wherever it is most convenient to themselves, and least prejudicial to the owner, would be unreasonable. In practice it would lead to contention and litigation. The rights of the respective parties under such a custom are so undefined and doubtful, that the custom would be void for uncertainty.[1]
In the case at bar, the right of passing is claimed as a way, and not by force of a custom. A way ex vi termini imports a right of passing in a particular line.* [1] The way must be kept in repair by the owner of the easement, and not by the owner of the land over which it passes. Taylor v. Whitehead, 2 Doug. 749 ; [3 Kent’s Comm. (3d ed.) 424.]
The practice of the defendants to pass over the plaintiff’s close in different directions several times a year, however long continued, can neither establish a general right thus to use the close, nor a right of way over it in a specific course. Each entry, unless by permission of the plaintiff, was a trespass, and no number of entries, however great, upon different parts of the close, can raise a presumption of a grant, or establish a right by prescription.
A grant in the words of the defendants’ pleas would give to the grantee an election, subject to the restriction mentioned, *487 of the place and course in which the way should in the first instance be located ; but it would not authorize him after-wards from year tt year, or day to day, to change its course. Having been once established, any deviation from it would be a trespass.

Verdict set aside and a new trial granted.

 See Wilkes v. Broadbent, 1 Wilson, 63 ; Mitchel v. Reynolds 10 Mod. 133 Paramore v. Verrall, 2 And. 152, 153; Cro. Jac. 80

 See 3 Kent's Comm. (3d ed.) 419.