### EDWARD HARPER *vs.* PARISH OF THE ADVENT.

A right of way by prescription over a passage way which has been laid out for other purposes cannot be established by proof of a use which was consistent with the rights of the owner of the soil and of those who were entitled to use the way.

TORT for the obstruction of a passage leading from the rear of the plaintiff's house, on Staniford Place, to Green Street, in Boston.

At the trial in the superior court, before *Vose*, J., it appeared that on the 4th of April 1826 the Congregational Church and Society of Pitts Street owned the premises now owned by the plaintiff and the defendants, and the land over which a right of way is now claimed by the plaintiff, and on that day conveyed

the premises now owned by the plaintiff to William W. Clapp, under whom the plaintiff claims, by a deed in the usual form, without mention of any passage to Green Street. On the same day the same grantors conveyed to Isaac Davis a piece of land lying between the premises granted to Clapp and Green Street, by a deed in which a reference was made to other lands of the grantors lying easterly, " over which is to be forever kept open a passage way of five feet in width to Green Street, for the purpose of light and air and ingress and regress." The meeting-house of the grantors stood just upon the other side of this passage.

Shortly after the purchase by Mr. Clapp he erected a small house and outbuildings upon his land, which were completed in October 1826, and occupied by his sister from that time till September 1835, when the premises were sold to George W. Thayer. The front door of this house opened directly upon the passage, and, so far as the evidence showed, there was no access directly to Staniford Place ; but the passage was used by Miss Clapp and those living with her and visiting her as a footway to the house. She was a member of the said church, and a pew-holder therein, and prayer meetings of members of the church were held in the house while she lived there. After the purchase by Thayer he removed the buildings and erected a brick dwelling-house fronting on Staniford Place, and the passage to Green Street was thereafter used as back passage until 1847, when it was closed up by those who then owned the defendants' estate.

Upon these facts, the judge directed a verdict for the defendants, which was accordingly rendered ; and the plaintiff alleged exceptions.

*E. W. Kimball*, for the plaintiff.

*H. G. Parker*, for the defendants.

Bigelow, C. J.* The rulings on both points were right. 1. The plaintiff acquired no title to the passage way in controversy by grant. The deed from the Congregational Church and Society of Pitts Street to Clapp, dated on the 4th of April 1826,

---

* Metcalf, J. did not sit in this case.

under which the plaintiff claims title, conveyed no right whatever, either of way or other easement, in or upon the land over which the right of passing is now claimed by the plaintiff. There is nothing in the deed to indicate the existence, at the time of the grant, of any passage way over the premises lying on the north and adjacent to those granted to Clapp. The northern boundary of the estate conveyed is described only as land of the grantors. There is certainly no express grant of a way, nor is there anything on which to raise a grant of one by implication.

2. The evidence offered at the trial did not establish a right of way in the plaintiff by prescription or adverse user. During the nine years, while the premises adjoining the alleged passage way now belonging to the plaintiff were owned by Clapp and occupied by his sister, from 1826 to 1835, the use of the land in controversy as a way to said premises was permissive only. The way was created and established by the deed to Davis, made on the same day with that to Clapp, and was declared to be only a right of way for the grantee, his heirs and assigns, in common with the proprietors of the church. To accomplish the purpose of this grant, the land over which the way was thus created was necessarily left open and uninclosed, and was used as a passage way by the proprietors and those who occupied the estate granted to Davis. Miss Clapp was one of the proprietors of the church and a member of the congregation during the period of her residence on the premises, as appurtenant to which the way by prescription is now claimed. The use she made of the way for the purpose of access to her house was perfectly consistent with the rights of the proprietors and of the owners of the adjoining estate on the west, who were by grant entitled to the use of that way. It did not interrupt or disturb in any degree their full enjoyment of the easement. It was therefore in no sense adverse, or under any such claim of right as to operate as evidence of a right, and not of a license. The adjudged cases in this commonwealth are decisive that no such use, however long continued, can ripen into a title. *First Parish in Gloucester* v. *Beach*, 2 Pick. 60, *n.* *First Parish in Medford* v. *Pratt*, 4 Pick 228. *Kilburn* v. *Adams*, 7 Met. 33.          *Exceptions overruled.*