# Richmond.

## BOND v. WILLIS.

### APRIL 26th, 1888.

EASEMENTS—*Right of way—Case at bar.*—Vendor granted land having no access save by private way over other land of his. This way was not named in the deed, but he told vendee the law gave him that way as incident to the grant. Later vendor granted a tract lying beyond first vendee's land, granting the right of way over the same private way, which was used by both vendees. Subsequently vendor's lands were sold under decree, and purchaser received a deed granting the same right of way:

HELD:

     This purchaser cannot close this way against first vendee.

Error to judgment of circuit court of Orange county, rendered May 4th, 1885, in an action of trespass on the case wherein John Willis, Jr., was plaintiff, and Thomas W. Bond was defendant. The judgment of the court (a jury being waived) was against the defendant, who excepted thereto, and the court certified all the evidence. To this judgment the defendant obtained a writ of error. Opinion states the case.

*J. G. & W. W. Field,* for the plaintiff in error.

*W. W. Burgess,* for the defendant in error.

LACY, J., delivered the opinion of the court.

This was an action of trespass on the case for obstructing

the plaintiff's right of way through the land of the defendant. At the first trial of the case, the jury, having failed to agree, were discharged; and at the next trial a jury was waived by both sides, and matters of both law and fact submitted to the court; whereupon there was a judgment for the plaintiff, and, the evidence being certified, the case was brought here by writ of error. It will be considered here as upon a demurrer to evidence. The case is as follows: John Willis and wife conveyed to John Willis, Jr., their son, in April, 1867, the tract of land upon which he now resides, from which there was a way traveled across the remaining lands of the father by a road running to the south. No mention was made of this way in the deed; but, when the son applied to the father for right of way, he was told the law gave him this as incident to the grant; and, there being no other way to the public highway over the lands of the father than this, it was then used, and has ever since been used, as a right of way by the son, the defendant in error. The father subsequently acquired by purchase a small tract of land lying north of the son's land, and was before this the owner of the land lying north of this new purchase. This land lying to the north, and the new purchase which was acquired from Browning, and so called the "Browning Purchase," were together sold to one D. M. Bernard, and Bernard was granted a right of way through the son's land, (the father having reserved such,) and across the lands of the said father now owned by the plaintiff in error. The father, John Willis, having become embarrassed and his lands incumbered, by judicial proceedings the same were sold and purchased by the plaintiff in error, and in the deed ordered by the court there was a reservation of a right of way through the said tract of land from the western side thereof to the eastern or south-eastern side thereof, the location to be at the option of the said purchaser, (which is the way above spoken of,) which has never been changed by the plaintiff in error, who recognizes the right of way in Bernard to be along there; but,

when the defendant in error went out to the public road along this way to the county seat, the gate was locked behind him, and he was not allowed to pass through it—the distinction claimed being that Bernard had a grant to a right of way in his deed from John Willis, the elder, whereas the son, the plaintiff, had none. The circuit court held that the plaintiff was entitled to pass along this way, and therefore awarded damages against the defendant for having obstructed his said right of way.

We think this judgment is clearly right, (1) because the right of way was incident to the grant to John Willis, Jr. The way being appurtenant to the land, the grant of the land passed the right of way. Judge Tucker says: "So, if I am seized of close A. and close B., and use a way through close B. to A., the right of way passes by the conveyance of close A. And though the right of way cannot in strictness subsist when there has been unity of seizin, yet if a lessor, having used convenient ways over his own adjoining lands during his occupation, demises premises, with all ways and easements to the said premises belonging and appertaining, unless it be shown in evidence that there was some other way appurtenant *alieno solo* to satisfy the words of the grant, it shall be intended that he meant the ways used, and they shall pass, though he miscall them as appurtenant." 1 Tuck. Bl. Comm. bk. 2, p. 5. (2) Because this is a right of way of necessity, not as necessary to the enjoyment, but as a necessary incident to the grant. Without it, or some other like it over the same land, the grant would have been defeated; and, as Mr. Blackstone says: "When a man having a close surrounded by his own land, grants the close to another in fee for life or for years, the grantee shall have a right to a way to the close over the grantor's land as incident to the grant, for without it he cannot derive any benefit from the grant. And this proceeds upon the well-established principle that, where anything is given, the law implies also a gift of whatsoever is necessary to

its enjoyment." And so said John Willis, the elder, when he dedicated this way to his son, John Willis, Jr. *Id.* God. Easem., 26. (3) Because, by the very terms of his own grant, this grantee, the plaintiff in error, is confronted by a reservation of this very right of way through his land to the public road, not for the benefit of Bernard or Willis, Jr., specially named therein, but both are included by the general terms used; both being then in open and obvious use and enjoyment of the same.

We think there is no error in the judgment complained, and the same must be affirmed.

JUDGMENT AFFIRMED.