## WOOD v. REED.

(Supreme Court, Special Term, Ontario County. October, 1893.)

RIGHT OF WAY—PRESCRIPTION—USER.

No right of way across lands of another is acquired by user of a way maintained by the owner for his own convenience.

Action by James W. Wood against Elmira P. Reed to restrain defendant from passing over plaintiff's land under claim of a right of way. Judgment for plaintiff.

Hubbard, Coyne & Coyne and Mr. Toole, for plaintiff.
Edwin Hicks, for defendant.

BRADLEY, J. The subject of controversy has relation to the alleged right of way of the defendant from her premises, through those of the plaintiff, to a highway crossing his land. The plaintiff in 1889 became the owner of upwards of 250 acres of land in the town of Richmond, county of Ontario; and the defendant in 1888 took title by devise to about 40 acres of land lying south of plaintiff's land, but not adjoining it. The predecessors in title of the defendant have, when they had occasion to do so, passed through the land now owned by the plaintiff, to the highway, for upwards of 30 years. This was also done by others who had occasion to go to or from the lands lying south of the plaintiff's land. But, as those lands were wild and unimproved, the passage to and from them was mainly for the purpose of getting and drawing out wood, logs, and timber. The owners resided elsewhere, and the passage through there was mostly in the winter time, when there was snow on the ground. It may be observed that it was infrequently that the owners of the land now belonging to the defendant had occasion to go to and from it. The premises of plaintiff were during the time in question, until in November, 1888, owned by members of the Pitts family; and the path or roadway into their land was used by them for the purpose of drawing wood and timber from their lands, and by persons to whom they sold wood and timber. There is some conflict in the evidence as to the location of the way used through there prior to 10 years ago. While there is some evidence on the part of the defendant that the entrance from the highway was near the north line of the Pitts land, and the passage for some distance along near that line, the evidence on the part of the plaintiff is to the effect there was no entrance or passageway used there until the new roadway was made, in 1883, but that until then it was through the lands of Bacon and Swain, north of the Pitts land, from and to the highway. It is evident that there was such a way used through those lands, and whether there was any at the other place is, upon the evidence, a question of some doubt. The only importance that can be urged for the location of the entrance of the way near the north line of the land is in the fact that it is substantially the place of the new passageway. It is not claimed that there was a public highway at the place in question through the plaintiff's land, nor is there any support for it. The defense is founded upon an alleged user by the

owners of the land now owned by the defendant, uninterrupted, continuous, and exclusive, under a claim of right, for more than 20 years, of a way through the premises now owned by the plaintiff, with the knowledge and acquiescence of the owners. From such state of facts, when established, arises the presumption of a grant of an easement. Miller v. Garlock, 8 Barb. 153. In the present case the way or track through the servient tenement was used by the owners of the land for their own purposes, and convenience in draw-ing wood and timber, etc.; and in such case the use of a way by others does not necessarily import adverse user under a claim of right, and exclusive, within the meaning of the term, but, from the fact that it is kept open and used by the owner for his purposes, it may be inferred that the use by others is by his consent and per-mission. Harper v. Advent Parish, 7 Allen, 478; First Parish v. Pratt, 4 Pick. 222; Kilburn v. Adams, 7 Metc. (Mass.) 33; Davis v. Brigham, 29 Me. 403; Day v. Allender, 22 Md. 529; Speir v. Town of New Utrecht, 49 Hun, 294, 2 N. Y. Supp. 426. The owner knew that those having lands south of his were in the habit of passing over his lands to the highway; and in 1883, when he, having erected a sawmill on his premises, desired, for his convenience, to make a new roadway on his lands, he informed those other persons that if they would help them open the road they might use it. They did so. This was mere permission on his part to pass over the new way, which they did, occasionally, without any interruption, until after the plaintiff became the owner. He, before the commencement of this action, forbade the defendant's husband driving through there, and sent notice to the defendant to the same effect. The husband, notwithstanding, persisted in passing through the plaintiff's premises as he had before done.

I am inclined to think that, in view of all the evidence, no ease-ment was acquired by the predecessors in title of the defendant and herself in a way through the plaintiff's land, but that the use made of it by them prior to the time when the defendant took title must be deemed to have been permissive, merely, on the part of those having title preceding the taking of it by the plaintiff to the land now owned by him, and by their consent and license. The view thus taken leads to the conclusion that the plaintiff is entitled to relief against the use of the way by the defendant upon a claim of right on her part to do so.

The question of costs requires some consideration. It does not appear that the defendant personally ever passed over the alleged way, or that she personally directed any person to do so. She has a husband and a son. They have driven through there, to and from her land. It may not, without some evidence to that effect, be as-sumed that the action of the husband in that respect has been con-trolled by the wife. But the defendant, by her answer, alleges that her agents and servants have crossed the plaintiff's land, and did so by virtue of a right of way which she had, and she asserts a right of way through his premises. If it were not for those allegations of the defendant's answer, I should be inclined to think that she ought not to be charged with any costs; and, as it is, I think she should not be

charged with full costs, but that the plaintiff should recover the costs known as "trial fee and disbursements." The plaintiff is entitled to judgment, with such limited amount of costs.