## FRED SASSMAN V. GEORGE COLLINS ET AL.

### Decided December 23, 1908.

**1.—Easement—Way—Description—Pleading.**

A petition claiming a right of way over another's premises and seeking to enjoin its closing, should describe the way claimed by metes and bounds or otherwise. so as to enable it to be accurately located.

**2.—Way by Necessity—Termination.**

Where purchasers acquired a way by necessity to a public road, through lands of the grantor entirely surrounding that purchased, such right of way continued no longer than the necessity therefor, and was terminated by the opening of a public road between their premises and the same highway reached by their private way.

**3.—Prescription—Use of Way by Necessity.**

The use by a purchaser of a way by necessity through the lands of his vendor is not adverse to the vendor and will not be the basis of a claim to the same way as existing by prescription.

**4.—Way by Prescription—Definite Location.**

The use which will establish a way by prescription over another's land must be within definite lines. The practice of passing over land in different directions does not establish such right.

**5.—Prescription—Landlord and Tenant.**

The possession and use of land by a tenant being that of his landlord, the use of a way over the latter's land by the tenant will not establish an easement by prescription in his favor, though he afterwards become owner.

**6.—Prescription—Use in Common.**

The use of a way over another's land in common with others or the general public will not establish a private way by prescription. So also of use in common with the proprietor against whom the prescription is claimed.

Appeal from the District Court of Travis County. Tried below before Hon. George Calhoun.

*J. M. Patterson* and *Chas. Stephenson,* for appellant.

*L. L. Hogue* and *Z. T. Fulmore,* for appellees.—The appellees, and those under whom they claim, having used and enjoyed the right of way over the premises in controversy, openly, notoriously, peaceably, adversely, exclusively and continuously for more than ten years prior to January, 1906, have a right to the same by prescription. Wash. on Easements (4th ed.), 123, 163 et seq.; Railway Co. v. Wilson, 83 Texas, 153; Noah v. Pedan, 1 Spears (S. C.), p. 22; Curtis v. Angiers, 4 Gray (Mass.), 547.

Slight deviation from the original route will not prevent the acquisition of a way, especially if such deviation were necessitated by the condition of the ground, or were made to suit the convenience of the landowner. Waco Bridge Co. v. Compton, 62 Texas, 715; 22 Am. & Eng. Ency. of Law (2d ed.), 1208, 1209; Chenny v. O'Brien, 69 Cal., 199; Leonard v. Hart, 2 Atl., 36; Lawton v. Rivers, 2 McCord (S. C.), 451; Wash. on Easements (4th ed.), 165.

Whether the use has been continuous or not is a question for the

jury. Hollis v. Bering, 13 Q. B. D., 304; Carr v. Foster, 3 Q. B., 581, 43 E. C. L., 876; Knock v. Knock, 27 Can. Sup. C. T., 664.

When a clear right of private way has been established it is not to be defeated because other persons have used it. Wash. on Easements (4th ed.), pages 163-4-5; McKinzie v. Elliott, 134 Ill., 156; 22 Am. & Eng. Ency. of Law, (2d ed.), 1203.

RICE, ASSOCIATE JUSTICE.—Appellees brought this suit by injunction against appellant to restrain him from closing a certain passway leading from their premises across his tract of land to the Austin and Colton road, claiming to have acquired an easement therein by necessity and also by prescription, but which said passway was not described by metes and bounds, nor in any other definite way.

Appellant defended on the ground that no such way ever existed, or if so, then the necessity therefor had ceased, because a public road had since been established leading from the premises of appellees to said highway which was accessible to them.

Upon the filing of said suit a temporary injunction was issued restraining appellant from obstructing said passway or from interfering in any way with plaintiffs' free and lawful use thereof. A jury trial resulted in a verdict for appellees upon which the court rendered judgment for them, establishing said easement, and perpetually enjoining appellant from closing same or in any way interfering with appellees' rights therein, from which judgment this appeal was prosecuted.

Appellant excepted to the petition, among other things, because it did not definitely describe the way in question. The same was not described by metes and bounds, neither was the width nor length thereof alleged in the petition, nor was there any such definite description as would enable said way to be accurately located upon the ground. The court overruled this exception. In this we think there was error. It was necessary in our judgment to have described the passway, either by metes and bounds, or in some other definite way, which appears not to have been done, and the court erred in overruling the demurrer. (Johnson v. Lewis, 2 S. W., 329; Fox v. Pierce, 50 Mich., 500, 15 N. W., 880; Ency. Law & Proced., vol. 14, p. 1221.)

There are various other assignments of error urged by appellant, but we will only consider the one complaining of the refusal of the court to give a peremptory instruction in behalf of appellant on the ground that the evidence is insufficient to sustain the verdict and judgment, since if this assignment is well taken, it will be needless to consider the others.

It is shown from the evidence that the tracts of land upon which the respective parties to this suit reside were originally owned by the McKinney estate, and that at the time plaintiffs' vendor Jones purchased the same, the way in question was in use across the tract now owned by defendant, and was the only means of ingress and egress to and from their tracts of land to said public road, because the said tract so conveyed to Jones by the McKinney estate was entirely surrounded by tracts of land owned by other persons and said estate.

It likewise appears from the evidence that plaintiffs, some time in 1896, partitioned their land between them, and continued to use the passway until some time in 1902, when some of the plaintiffs and other landowners in the vicinity petitioned the Commissioners' Court to grant them a third-class public road, leading from the Austin and Colton road to a schoolhouse and church, then situated upon or adjacent to one of the subdivisions so partitioned amongst them, and that said public road was duly established and opened by the Commissioners' Court, so that since 1902 there has been and was at the time of the institution of this suit a public highway leading from said Austin and Colton road to the lands of appellees.

If it be conceded, and it seems to be so treated by both parties, that the passway in question originated by reason of necessity, then the same would continue only so long as said necessity existed therefor, and would cease whenever another way was established by which appellees were enabled to reach the highway in question. The establishment of the third-class road in 1902 gave them an outlet from their several tracts of land to the Austin and Colton road, as appears from the evidence, and thereupon the necessity for a passway over and across the land of appellant ceased to exist, and could no longer be asserted by appellees. (Alley v. Carlton, 29 Texas, 74; Kruegel v. Nitschman, 15 Texas Civ. App., 641; Collins v. Prentice, 15 Conn., 39; Leonard v. Leonard, 84 Mass., 543; Bass v. Edwards, 126 Mass., 445; Bond v. Willis, 84 Va., 796; Boyd v. Woolwine, 40 W. Va., 282; Wissler v. Hershey, 23 Pa. St., 333.)

While it is true that the law is that a way of necessity by implied grant arises over the land of a grantor to a highway in favor of the grantees when the grantor conveys a part of his estate which is entirely surrounded by the lands of others and the part retained by him, and that the facts show that the same applied in favor of their vendor and consequently enured to their benefit by reason of their purchase of the land, still from the above authorities it is equally as well settled that this way of necessity is not a permanent one, but exists from the very necessity that created it and that the same will cease immediately upon the termination of said necessity; and where it appears, as in this case, that appellees had at the time of the institution of this suit another way of ingress and egress to and from their respective tracts of land, then they can no longer claim the right to pass over appellant's land.

Appellees likewise, however, claim that said judgment ought to be sustained on the ground of prescription, because they insist that they and those under whom they claim have used the passway for a sufficient period of time to give them such right. This would be true if it could be held that such user by them during the whole period was adverse to the rights of appellant and those under whom he claims; but it will be observed that the use by them of this passway until 1902 was based upon the right to so use it as a way of necessity, and, this being true, their use thereof until that time, at least, could not be regarded as adverse to that of appellant, and must be presumed to have been continued by reason of such necessity until the opening of another way in 1902 by the Commissioners' Court, which afforded

appellees access to their respective tracts of land, and as sufficient time has not elapsed since 1902 for them to have acquired the way by prescription, this contention can not be sustained. (Ann Arbor Fruit & Vinegar Co. v. Ann Arbor R. R. Co., 99 N. W., 869; Collins v. Prentice, supra.) But, aside from this, we do not think that appellees' contention in this respect is good for the following reasons:

It is shown by the evidence that the passway has not always been confined to any particular and definite place, but that the same has been changed from time to time until it is now at least several hundred yards from its first location. It is held that a person who claims an easement over the land of another by adverse possession for over ten years, must show that such adverse possession has been in the same place and within definite lines. (Garnett v. City of Slater, 56 Mo. App., 207.) The practice of passing over land in different directions, however long continued, does not establish a right of way by prescription. (Jones v. Percival, 22 Mass., 485; Bushey v. Santiff, 33 N. Y. Supp., 473; Follendore v. Thomas, 93 Ga., 300; Johnson v. Lewis, 2 S. W., 329; Cyc., vol. 14, p. 1153.) If there was only a slight divergence this principle, it seems, would not apply; but the evidence in this case shows a number of changes in the location of said passway, and that the same was not confined to any definite place for a sufficient length of time to establish it as by prescription. Nor is this principle affected by reason of the fact that some of these changes were made by agreement, because it is not claimed that the passway is one by agreement, but by prescription.

Again, a continuity of the possession in this case, even if it could be conceded to have been otherwise adverse, was broken, because during six or seven years of the time that appellees were exercising the right to pass thereover they were shown to have been tenants of the owner or owners of said tract of land over which the passway was claimed. The possession and user of the tenant is the possession and user of the landlord, and, therefore, can not be adverse. It is held that where the owner of the dominant estate has been the tenant of the owner of the servient estate, and had control over the servient estate as such tenant, the period of such tenancy must be excluded in computing the prescriptive period. (Washburn on Easements (3d ed.)., 336; Vossen v. Dautel, 116 Mo., 379; Pierre v. Fernald, 26 Me., 436; Cyc., vol. 14, pp. 1153, 1154.)

Again, it was shown that the way in question over appellant's farm was used by other persons besides the plaintiffs. The use of a way in common with others or the general public is not sufficient to create a prescriptive right to such way, though such way be used for the prescriptive period. (Day v. Allender, 22 Md., 511; McKee v. Garrett, 1 Bailey, 341; Prince v. Wilbourn, 1 Rich. Law, 58; Harper v. Parish of the Advent, 89 Mass., 478.) Especially is this true where there is no independent assertion of right more pronounced and peculiar to themselves and more indicative of an adverse claim than the open and notorious use of the way with the others. In this case it was shown that the owner of the servient estate likewise sued this way for his own convenience and in connection with his farm; therefore, the use of the way by others could

not become adverse, for it is held in Long v. Mayberry, 36 S. W., 1040; Wood v. Reed, 30 N. Y. Supp., 112; Harkness v. Woodmansee, 7 Utah, 227, that the use of a way over the land of another is not deemed adverse where the way is also used by the owner of the land; and, in such case, use for the prescriptive period will not give a way by prescription. Long v. Mayberry, supra, is analogous to the present case. In that case Mayberry had a road from his farm to the north of the Long and other premises, running through the latter's place about 350 yards to the pike. Of this distance 175 yards of the road was used by the owner of the servient estate for reaching his own house. The court held that there was no adverse possession, because the right of way had been used as much by the owner as it had been by the party claiming the easement. In the present case the length of the road in question across defendant's farm is something over 1000 varas, and defendant's house sits back half way or more in the pasture on the road; and all the evidence on this point shows that this way was used by the preceding owners (and appellant) to get from their house to the highway. Under these circumstances, the use of the way by others is presumed to be with the consent of the owners, and not adverse.

In Kilburn v. Adams, 48 Mass., 33, plaintiff Adams owned land adjoining the Groton Academy, and for twenty years or more had used a way out from the south side of his premises across the grounds of the academy to the public highway in front of it, and at times worked this way or path. This passageway was used by plaintiff constantly for ingress and egress, together with the students, teachers and trustees of the academy. The court held that the passage of persons over it in common with those for whose use it was appropriated, is, in general, to be regarded as permissive and under an implied license and not adverse. Such use is not inconsistent with the only use which the proprietors think fit to make of it.

In this connection the defendant requested the court to instruct the jury that the use of the way by others is not, in law, deemed adverse, where such way is at the same time used by the owner; and if they believed that the way across the 219 acres of defendant was used by the owners of said tract of land during the time that plaintiffs were traveling it, they will return a verdict for defendant. This charge was erroneously refused.

We therefore conclude that there was no such adverse user on the part of plaintiffs as would establish a right by prescription in their favor over the passway in question, and that, therefore, the court erred in refusing to instruct a verdict in behalf of appellant.

We desire to say in closing that we have been greatly aided in the investigation of the matters here involved by the clear, logical and able brief of counsel for appellant.

For the reasons indicated, the judgment in this case is reversed and here rendered in favor of appellant.

*Reversed and rendered.*

Writ of error refused.