Alfred STEAHR et ux., Appellants,

v.

C. M. CLARK et al., Appellees.

No. 12380.

Court of Civil Appeals of Texas, Austin.

March 17, 1976.

Allan I. Schneider, Giddings, for appellants.

Carey B. Boethel, Giddings, for appellees.

O'QUINN, Justice.

Appellees brought this suit to enjoin appellants from fencing and otherwise obstructing a roadway twenty feet wide adjacent to the tracts of land belonging to the several parties and claiming a prescriptive right to use the roadway for purposes of ingress and egress.

Based on a jury's answers to special issues, the trial court entered judgment for appellees, enjoining appellants from obstructing the roadway and ordering removal of obstructions erected by them.[1]

It appears undisputed that the roadway in question was used as far back as 1925 by a large number of persons living in the community, but that use by the public ceased in the late 1940's or early 1950's. The jury found that if the roadway was ever used by the general public, it "was abandoned by the public." The record shows that the roadway, at its most southerly beginning, originated at a county road, and projected easterly along the south boundary of the Steahr tract and then northerly between the Steahr tract and the Clark land. The disputed portion of the roadway terminated at the south boundary of the "Dodson Tract," now owned by four of the plaintiffs below, at a point where the Steahr and Clark tracts are adjoining the "Dodson" land.

Steahr undertook in 1974 to close the roadway and construct a fence along a line indicated by a surveyor to be near the center line of the old roadway. The owners of the "Dodson" tract and Clark jointly brought this suit to enjoin Steahr permanently from obstructing the roadway and to require removal of such fence as he had already placed in the road area.

In response to special issue No. 3, inquiring whether "plaintiffs held exclusive, peaceable, notorious and adverse use of the roadway . . . by traveling it and using it for general purposes of ingress and egress for a period of ten (10) years or longer prior to September, 1974," the jury answered in the affirmative.

On motion of appellees, the trial court, "upon the basis of the jury's answer to special issue No. Three," entered judgment enjoining appellants from obstructing the roadway, directing them to remove fencing and other obstructions, and to restore the roadway to render it passable. Appellants bring six points of error. We will overrule such points as we consider, and will affirm judgment of the trial court.

■ Under the first two points appellants claim error of the trial court in submission of special issue No. 3, a controlling issue, and the accompanying definitions. The record does not disclose that appellants made timely objection in writing to submission of the issue or the definitions. Objections made for the first time in a motion for new trial or on appeal are made too late for consideration, and are therefore waived by the objecting party. *Allen v. American National Insurance Company,* 380 S.W.2d 604, 609 (Tex.Sup.1964); 3 McDonald: Texas Civil Practice, sec. 12.27.2, p. 403 (Rev.1970); Rules 272, 274, Texas Rules of Civil Procedure.

■ Under their third point appellants contend it was error to enter judgment for appellees because the jury, in response to special issue No. 4, found that the public had abandoned whatever use, if any, it had made of the roadway. This contention is without merit. In answering special issue No. 1, the jury found in effect that the roadway was not used by the public generally during ten years prior to 1974. The record shows that appellees did not claim their prescriptive right by reason of sharing use with the public. A finding that the

---

1. Appellees who were plaintiffs below are C. M. Clark, owner of a tract east of the roadway, and Maggie E. Woodfork and Edna Stykes, owners of a tract north of the roadway. Appellants who were defendants below are Alfred Steahr and wife, Tracy Steahr, owners of a tract west of the disputed portion of the roadway. The transcript fails to disclose how and at what time Wright W. Betts and Everett Betts became parties plaintiff, although they appear in the final judgment and apparently are referred to on appeal in appellees' brief as Wright *Betz,* Jr., and Everett *Betz.*

public had abandoned whatever right it might have had in the roadway is not inconsistent with, nor in conflict with, the claim of appellees, for it is elementary that to establish their right, appellees were required to show only that their use was exclusive in them and not that they shared its use with the general public. 21 Tex. Jur.2d, Easements, sec. 29, p. 156 (1961). The point of error is overruled.

Points four and five are directed to the evidence, under which it is contended that there was no evidence and insufficient evidence to support the finding that appellees had acquired a prescriptive right to the roadway. The evidence offered by appellees, although in some respects refuted by evidence from appellants, established open, adverse, exclusive, and continuous use of the roadway by appellees and their predecessors in title for a period in excess of ten years. Appellants had notice of the adverse claim to use such land of appellants as was required in traveling the twenty-foot lane to reach their lands, and that their use was not by reason of license or permission from appellants. Appellees also showed they never abandoned the use they made of the roadway.

█ In considering the "no evidence" point, we have considered only the evidence favorable to appellees, and in regard to the point on insufficient evidence we have reviewed all the evidence. Appellants have failed to meet their burden to show that the finding of the jury was contrary to the overwhelming preponderance of the evidence. *Hulsey v. Drake*, 457 S.W.2d 453, 460 (Tex.Civ.App. Austin 1970, writ ref. n. r. e.). We hold that the record contains evidence of probative value sufficient to support the finding of the jury that appellees held exclusive, peaceable, notorious and adverse use of the roadway by using it for ingress and egress for ten years or more prior to the time appellants sought to fence and obstruct the roadway.

█ Although the record shows that some of the critical fact issues were sharply contested at the trial, it is settled that the jury is the exclusive judge of the controverted issues of fact raised by the evidence. The jury is vested with the exclusive role of judging the credibility of the witnesses testifying at the trial, the weight to be given the evidence, and the inferences to be drawn from it. In the exercise of this function the jury may believe the testimony of some witnesses and decline to accept as credible the testimony of others. *Bradford v. Fort Worth Transit Company*, 450 S.W.2d 919, 928 (Tex.Civ.App. Fort Worth 1970, writ ref. n. r. e.).

Under their sixth and final point appellants claim the court erred in entering judgment favorable to appellees because appellees failed to plead and prove identity of the roadway on the ground. Appellants filed special exceptions in the trial court to appellees' pleadings with respect to location and definition of the roadway in their original petition, after which appellees filed their first amended original petition and attached an exhibit, consisting of a map drawn to scale, locating and defining the roadway and adjacent tracts of land. Appellants did not except to the amended pleadings. Later in the course of the trial appellees introduced a map drawn to scale through a witness who testified to description of the roadway and its location with reference to fence lines and adjacent properties.

█ By failing to except to the amended pleadings, and to bring exceptions to the pleadings to the attention of the trial court, appellants waived their right to complain on appeal. *Mizell Construction Company & Truck Line, Inc. v. Mack Trucks, Inc.*, 345 S.W.2d 835, 838 (Tex.Civ.App. Houston 1961, no writ); Rule 90, Texas Rules of Civil Procedure.

█ Evidence introduced at the trial clearly defined the roadway and its location in relation to the property of all parties. It appears from the evidence that the roadway is not of uniform width throughout its length. It was not necessary that the roadway be described by metes and bounds, if described in some other definite way; nor is it required that a specific width be alleged.

*Sassman v. Collins,* 53 Tex.Civ.App. 71, 115 S.W. 337 (Austin 1908, writ ref.); *Elias v. Horak,* 292 S.W. 288, 290 (Tex.Civ.App. Austin 1927, writ ref.). The sixth point is overruled.

For all the reasons stated, the judgment of the trial court is in all things affirmed.

Affirmed.