### ELIAS et al. v. HORAK et al. (No. 7082.)*

(Court of Civil Appeals of Texas. Austin. Feb. 16, 1927. Rehearing Denied March 9, 1927.)

1. Appeal and error &#8258;854(1)—Where judgment did not indicate on which of grounds alleged easement was awarded, judgment must be affirmed if pleadings and proof sustained any of grounds alleged.

Where trial court did not indicate in judgment on which of grounds alleged he awarded easement, judgment had to be affirmed if there were sufficient pleadings and proof to sustain any of grounds alleged.

2. Easements &#8258;3(2); 24—Where deed contained express grant of outlet over grantor's land, easement was an appurtenance and passed to subsequent grantee.

Where deed to land, surrounded on three sides by grantor's land and on other side by another party's land, contained express grant of outlet over grantor's land, easement was an

---

&#8258;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused April 20, 1927.

appurtenance to tract conveyed, which passed to subsequent grantee.

**3. Easements ⊜48(5)—Where exact situs of roadway was not defined in grant, way used by common consent for over ten years fixed route.**

Where deed contained express grant which did not define exact situs of roadway, way which had been used for 25 or 30 years, and had been used by common consent by subsequent grantee, who was suing to establish easement, for more than 10 years, became fixed along route used.

**4. Easements ⊜61(8)—Pleadings held to sufficiently identify location of road claimed as easement over defendant's land.**

In suit to establish road over defendant's land as easement, where survey of land down center of roadway was made and field notes thereof set out in detail, definitely locating this line on ground, pleadings were sufficient to identify location of road even though specific width was not alleged.

**5. Easements ⊜44(2)—Subsequent grantees, having easement of way over grantor's land, could use only so much as was reasonably necessary.**

Subsequent grantees, having easement of way across grantor's land, were entitled to use only so much as was reasonably necessary for an outlet.

Appeal from District Court, Fayette County; M. C. Jeffrey, Judge.

Suit by Mrs. Theresa Horak and others against Joe Elias and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

Moss & Lowrey, of La Grange, for appellants.

Alexander & Alexander, of Smithville, for appellees.

BAUGH, J. Joe Elias and wife were the owners of 532 acres of land in Fayette county on the south side of and bordered by the La Grange-Smithville public road. In November, 1911, they conveyed to Joe Kasper 64 acres out of the south side of said 532-acre tract, which 64-acre tract was' away from the public road and was surrounded on the east, north, and west by the lands of Elias and on the south by lands of other parties. The deed from Elias to Kasper contained the provision that, "It is understood that the grantee is to have an outlet to the public road over our land." On October 30, 1913, Kasper conveyed this 64 acres to Mrs. Horak, and in the deed. recited the provision granting Kasper the outlet over the lands of Elias.

Because of interference by Elias with the use of said outlet to the public road, Mrs. Horak brought this suit against Elias asking that her asserted easement over Elias' lands be established; that he be restrained from ploughing it up and from interfering with the use of said outlet or way to the public road, or with appellee's repair of same, and for damages. She pleaded an easement in and to a defined roadway over Elias' lands by grant, by prescription, by limitation, and by necessity. Appellants, defendants below, answered by general and special demurrers, general and special denials, alleged that appellees were threatening and attempting to grade up said roadway through their field so as to impound the water, destroy their crops and injure their lands, and asked that appellees be restrained from so doing.

The trial was to the court without a jury, and after a full hearing the court awarded said easement to appellees, restrained appellants from interfering with appellees' use or repair of same, but permitted appellees to repair same only in such way as would not damage the crops or lands of the appellants. From that judgment this appeal is prosecuted.

[1] Appellants, through numerous assignments and propositions, contend that neither the pleadings of the appellees nor the proof are sufficient to sustain the judgment. The trial court does not indicate in his judgment upon which of the grounds alleged he awarded the easement. If, then, there are sufficient pleadings and proof to sustain any of said grounds, we should affirm his judgment. We have concluded that both the pleadings and the evidence were amply sufficient to sustain a finding by the trial court that appellees were entitled to an easement over appellants' lands to the public road as way of necessity. It is not denied that appellees' 64-acre tract was surrounded on three sides towards the public road by the lands of appellants, and on the remaining side by lands of other parties; that there was no outlet to the south; and that the only way by which appellees could reach the public road was by crossing the lands of appellants somewhere. This fact was evidently recognized by Elias when he sold this tract of land to Kasper and an easement preserved to Kasper by express grant. It is undisputed that the very roadway in controversy across appellant's field was open, visible, in use as such outlet at the time Elias conveyed to Kasper, and was the one intended to be reserved to him. It had been located at the same place and used as a road or outlet to the public highway for 25 or 30 years, and had been so used by appellees without interference from the time they purchased the 64-acre tract in 1913 up to within a short time before the filing of this suit. The rule is laid down in 19 C. J. § 117, p. 923, as follows:

"When there is a conveyance of a tract of land and there is no means of access thereto or egress therefrom except over the remaining land of the grantor, a way of necessity over such land is ordinarily granted by implication of law, and the grantor cannot by a subsequent

conveyance deprive his grantee of the way. Such right is vested in the grantee as an appurtenance to the estate granted."

And in section 124, p. 927, Id., it is said:

"If the land is partly surrounded by that of the grantor, and partly by that of strangers, a right of way over the remaining land of the grantor exists by necessity."

[2, 3] Though obviously necessary to the reasonable enjoyment of the 64-acre tract, as to Kasper we have an express grant of an easement. Under such circumstances we think such easement was an appurtenance to said 64-acre tract and would pass to his grantee, at least by implication. It is not material that the exact situs of the roadway itself was not defined in the grant from Elias. The tract of land to be charged therewith was sufficiently identified by reference.

"When a right of way is granted over certain land without fixing its location, but there is a way already located at the time of the grant, this will be held to be the location of the way granted, and the grantee cannot be compelled to accept a substitute therefor." 19 C. J. 972.

This is precisely the case here. And even in cases of ways of necessity, where no particular way is designated, the way used by common consent will control. In this case the way in question had been used by common consent by appellees themselves for more than ten years. Clearly, we think, it became fixed along the route in controversy.

[4, 5] Appellants complain that appellees' pleadings were insufficient to identify the location of the road in question. We find no merit in this. In Sassman v. Collins, 53 Tex. Civ. App. 72, 115 S. W. 338, this court held on the question of describing an easement that:

"It was necessary in our judgment to have described the passway either by metes and bounds, or in some other definite way. * * *"

In the instant case a survey of a line down the center of the roadway was made and the field notes thereof set out in detail, definitely locating this line on the ground. It was not necessary to allege a specific width for the road. Appellees were entitled to use only so much as was reasonably necessary for an outlet. The court awarded a strip four feet wide on each side of this line, and no complaint is made as to this. The pleadings were sufficient on this point.

It is not amiss to quote here the testimony of Joe Elias, owner of the servient estate, on direct examination. Referring to appellees he testified:

"I have no objection to their getting out to the highway over my land at any point where they can go. I object to their raising that road up and putting gravel on it, and stopping the water on this side of the land and making a regular lake of it. In other words, I mean that I don't want them to build up a roadway from the point E to Q. That will impound the water on the west side of the road."

And in the court's judgment the following language is used:

"And further that the said plaintiffs be permitted by defendants to repair and keep in repair said easement, roadway and passway in such a manner only that said repairs shall in no wise damage the lands and crops of defendants."

Appellants' interests are thus expressly protected in the language of the decree itself.

Finding no error, the judgment of the trial court is affirmed.

Affirmed.