Aubrey MATLOCK et ux., Appellants,

v.

HUMBLE OIL & REFINING COMPANY,
Appellee.

No. 5084.

Court of Civil Appeals of Texas.

Beaumont.

Oct. 27, 1955.

Rehearing Denied Nov. 16, 1955.

McAlister & Benchoff, Nacogdoches, for appellant.

Thompson & Stripling, Nacogdoches, Frank Heard, Jr., Houston, for appellee.

WALKER, Justice.

The plaintiff, Humble Oil & Refining Company, brought this suit against defendants, Aubrey Matlock and wife, Juanita Matlock, to restrain them from interfering with plaintiff's use of a private road across land belonging to defendants. The cause was tried to the court without a jury and plaintiff had judgment as prayed for. From this judgment the defendants have appealed.

No statement of facts has been filed. The trial court did file findings of fact, both original and additional, and the following statement is made from these findings.

On February 8, 1952, the defendants, Aubrey Matlock and wife, conveyed to the plaintiff, in writing, the right to install and operate a gate valve, heater, and other equipment on a tract 33 feet wide from east to west and 50 feet long from north to south. The description of the tract shows that a pipeline for transmitting gas extended from north to south through the middle of said tract. This little tract was a part of a tract of 39.8 acres which defendants owned, and the deed also conveyed, in these terms, "the rights of ingress and egress for all purposes incident to said grant." However, the deed did not state where these rights should be exercised upon the 39.8 acres, that is, did not in specific terms locate upon the 39.8 acres the way over which ingress and egress should be had.

The small tract on which plaintiff was authorized to put the valve was described as being on the south line of, and 878 feet from the southeast corner of the 39.8 acre tract in which it lay. When the deed was made, a public road extended along a part of the eastern boundary of the 39.8 acre tract; and from this road, through a gate, a private road extended in a southwesterly direction to the right of way for the gas line, the distance from gate to line being about 1,000 feet. The small tract on which the plaintiff was authorized to put the valve was on this right of way, a short distance south of the place where the private road entered the right of way, and the distance from intersection to valve along the right of way was about 200 feet.

When the deed was made: (a) the public road on the eastern side of the 39.8 acres was the only public road which touched that tract; (b) the gate mentioned was "the only gate in the fence line of said 39.8 acre tract"; (c) the private road "was on and before" the date of the deed "the only road into said 39.8 acre tract and on said date said road was in use and was the only access way used in going from the interior of said 39.8 acre tract to" the public road; (d) the right of way for the gas transmission line was "cleared, open, visible."

Some original findings at least imply that both Mr. and Mrs. Matlock intended, in fact, on the date of their deed for the plaintiff to use the private road. Thus, original finding 5 describes the private road and the part of the right of way of the gas line from the private road to the valve as "a way already located, open, visible, and known to both grantors and grantee" between the public road and the valve when the deed was made. And in original finding 7 it is stated that on the date of the deed "it was the intention of the parties" to said deed "that the easement of right of way therein granted in general terms apply to the way" which consisted of the private road and that part of the right of way of the gas line to the valve. Without a statement of facts, we would assume, if necessary to support the trial court's judgment, that this "intention" was one in fact and not one presumed in law. Additional findings pertaining to Mrs. Matlock's knowledge of the private road on the date of the deed qualify these original findings to some extent. Thus, additional finding 3 states that "at the time of the making of the contract on February 8, 1952, it was the intention of the parties that the way

of ingress and egress called for in the contract was to be (the) open, visible way described in Paragraph 5 of the Findings of Fact heretofore filed (this was the private road and the part of the right of way to the valve referred to above) but there was no formal oral agreement entered into further specifying the route of ingress and egress, the only formal contract being the written one dated February 8, 1952." The contract last referred to was the deed. Additional finding 5 states: "other than on February 8, 1952, when the defendants executed the deed granting the plaintiff the 33′ by 50′ tract, there is no evidence showing the presence or absence of a formal oral agreement between Juanita Matlock (that is, the defendant Mrs. Matlock) and the plaintiff to the presently existing route over the land; however, she knew or should have known of the route and thereafter acquiesced therein and never made any objection thereto." What do "should have known of the route" mean? It must have been the plaintiff's use of the "route" and not the "route" itself in which Mrs. Matlock "acquiesced", and such acquiescence implies at least that Mrs. Matlock knew that the plaintiff's agents were passing over the 39.8 acres between valve and public road and could mean more. We construe the words "should have known of the route" as referring to the date of the deed, and since these words must be reconciled, if possible, with the other findings mentioned, we interpret them as meaning that Mrs. Matlock knew on the date of the deed that a way of some kind, which could be used in going to the tract on which the valve was to be put, was located somewhere on the 39.8 acre tract. This construction would imply that Mrs. Matlock's actual intention was this, that plaintiff use any way plaintiff found on the ground. The words "should have known of the route" might mean no more than this, that Mrs. Matlock knew circumstances which, had she reflected, would have suggested to her that there was such a way as the private road, but this interpretation would be inconsistent with such an intention in fact as we have stated. It does, however, afford support for the trial court's judgment under the reasons on which we base our judgment.

"Soon after February 8, 1952, the gate valve setting and equipment was constructed on said 33 foot by 50 foot tract," that is, on the little tract described in the deed.

Afterward, the plaintiff's agents "regularly" used the private road and the right of way of the gas line as their way of access to the valve from the public road and their way of egress to the public road from the valve; and this "was the only way used by plaintiff *for more than two years* after" the date of the deed "to accomplish the stated purposes of the grant" made by said deed. During this period both plaintiff and defendants had separate padlocks on the gate where the private roadway entered the public road, which in some way enabled each to open the gate; and this use of padlocks "was pursuant to an express agreement—made soon after the grant of February 8, 1952," that is, the deed. From supplemental finding 4 we conclude that this agreement was made by defendant Aubrey Matlock and the plaintiff. During this period of use, the plaintiff made repairs on the private roadway at defendant Aubrey Matlock's request, and on one occasion put aside "at defendants' request" (presumably expressed by defendant Aubrey Matlock, according to supplemental finding 4) certain boards which had been used to cover the private road. It is stated in original finding 15 that "for a substantial time after the date of (the deed) the use of the way (which we have described, namely, the private road and the right of way of the gas line) by the plaintiff, its agents and employees for the purposes stated in (said deed) was acquiesced in by the defendants." According to this finding, the acquiescence was by both defendants and additional finding 5, which we have quoted above, is consistent with original finding 15. As we have construed additional finding 5, it means that on the date of her deed Mrs. Matlock "knew or should have known of the route (either some way not clearly in mind or one of which circumstances known to her

would, on reflection, have informed her) and thereafter acquiesced therein and never made any objection thereto", this acquiescence was in the use plaintiff made of the route, and this route was the one used by the plaintiff, that is, the private road and the right of way. This acquiescence implies, at least, that Mrs. Matlock knew that the plaintiff's agents were passing over the 39.8 acres between valve and public road and could, if necessary, there being no statement of facts, be given the meaning that Mrs. Matlock found out after her deed was made where plaintiff's route was located on the 39.8 acres. She would be expected to have such knowledge since the 39.8 acres was a part of her homestead, she had granted the plaintiff a way over the 39.8 acres, and plaintiff's use of the private road continued so long before it was stopped.

"The defendants did not deny plaintiff's right to use" the private road for access to and egress from the valve "until March, 1954"; and finally, on October 19, 1954, they denied plaintiff access to the private road by padlocking the gate at its entrance. These statements are from original findings. Supplemental findings 1 and 2 are not inconsistent with these, or with the findings showing acquiescence, but instead only emphasize the fact that the plaintiff used the private road with the consent of at least the defendant Aubrey Matlock. It is evident that the locking of the gate barred the plaintiff from the valve until a new way was opened.

It also appears from original findings 16 to 19, inclusive, and from the description of the tract on which plaintiff was authorized to put the valve that, at least when the cause was tried, access to said tract must be had over land belonging to the defendants or to others and that there are serious physical difficulties to any way of access other than over the 39.8 acre tract of defendants' from the public road on the east boundary of the latter tract, these difficulties being deeply sunken public roads, a very steep grade and, on the north and west, an unbridged creek. And original finding 20 states that a way defined in "paragraph 3 hereof (that is, of the original findings) is the most reasonable access way for ingress and egress to the said gate valve setting from a public road." No way is referred to in paragraph 3 of the original findings but one is referred to in paragraph 5 of said findings and in other findings and, in fact, no other way is referred to in either original or supplemental findings, and the court, in the quotation made, must have intended to refer to original finding 5 which describes the way made up of the private road and the part of the right of way of the gas line down to the valve.

Supplemental finding 6 reads: "That the 39.8 acre tract constituted a part of the homestead of Aubrey and Juanita Matlock". This finding is indefinite as to time, but the deed was executed and acknowledged by both of said defendants, husband and wife, in the form required by law to convey homestead property. The supplemental findings show that after the deed was made, the defendant Aubrey Matlock assumed to act for the marital partnership in matters concerning the plaintiff's use of the private road.

It is necessarily to be inferred from the facts summarized above that the plaintiff has an interest, as owner or operator, in the gas line to which the valve must have been attached, and another element pointing toward this end is original finding 24 which states that "plaintiff's need for natural gas in conducting its business operations is great and access to the gate valve setting is necessary in order to secure a supply of gas in that area for said purposes."

## Opinion

1. Defendants admit in both answer and brief that they have conveyed to plaintiff a right of ingress and egress over their property, to and from the valve; but they contend, in substance, that the way over which this right shall be exercised has never been fixed and located on the ground and that the trial court should have allowed them to designate the location of such a

way. The substance of their argument in support is, first, that the private road was not so complete and had not been so long in use that it would pass as an appurtenance to the deed under one of the rules of decision stated in Elias v. Horak, Tex.Civ. App., 292 S.W. 288, which the plaintiff cites in support of the judgment. And second, that the defendant Aubrey Matlock had no power to locate the way after the deed was made because the land involved was homestead property.

2. It is not necessary to decide whether a way over the private road passed as an appurtenance to the deed, but we will say that we do not agree with the construction of the findings pertaining to the nature of that road on which some of defendants' argument depends. Statements in original findings 6 and 5, which we have quoted or summarized above, show that this road was an established way.

■■ It is also unnecessary to consider any other argument of the plaintiff's in support of the trial court's judgment except that now to be mentioned. The judgment of the trial court is supported by findings which show that if the location of plaintiff's way was not fixed by agreement when the deed was made, it was afterwards fixed by agreement, to be implied from plaintiff's user on the one hand, and on the other, from consent to that user by the defendants, both use and consent continuing for the space of two years or more. Consent by defendant Aubrey Matlock was express as well as such as acquiescence shows, and consent by the defendant Juanita Matlock was at least to be implied from her acquiescence. These facts amount to an exercise by all parties of any right they may have had to fix the location of the way on the ground. And it seems to us that had there been no agreement on the date of the deed, the plaintiff's use of the way with the knowledge and consent of the defendant Aubrey Matlock for a period of more than two years proves an agreement between them which constituted an exercise of the right to locate the plaintiff's way. See: 17 Am.Jur. 987, Sec. 86; 28

C.J.S., Easements, §§ 79, 82, pages 759, 761; Elias v. Horak, Tex.Civ.App., 292 S. W. 288, at page 290 (Hn. 3).

It seems to us that the effect of defendants' contention would be, to change the location of a way fixed (although, as we have stated, the right defendants claim now is one to designate and fix an unlocated way); and there is nothing in the findings indicating why the way so long used should be changed. Instead, according to the findings, particularly original No. 20, which we construe as referring to the way actually used, this way is the most reasonable and ought not to be changed.

■ It is not material on the facts of this case whether the land over which the location of the way was to be established was a part of defendants' homestead at any time material to this suit. Defendants admit that their deed, which both signed and acknowledged as required by law, granted plaintiff the right of ingress and egress. This brings us to the matter of locating the way on the ground, and the decision as to where a way duly granted shall be located on the ground involves neither the conveyance of an interest nor the creation of an incumbrance. So, if the wife has any right pertaining to the location of the way she has joined in granting, it must be one for the protection of her homestead rights against her husband's act. See: Speer on Marital Rights, Sec. 476; Randall v. Texas Central Ry. Co., 63 Tex. 586. However, use of the way by plaintiff for more than two years with the husband's consent implies that the location of the way used actually did no harm to the wife's homestead rights. See: Orrick v. City of Fort Worth, Tex. Civ.App., 32 S.W. 443. And original finding 20, which we construe as stating that the way actually used "is the most reasonable access way for ingress and egress to the said gate valve setting from a public road", also implies that this way did no harm to the wife's homestead rights in addition to the harm which she had already done by making the deed. And finally, as our statement of the findings shows, the wife acquiesced in the plaintiff's use.

On these conclusions we overrule Points 1 and 4.

■■ 3. Point 2 assigns as error that the trial court failed to comply with defendants' request to make additional findings of fact. The trial court made findings pursuant to defendants' request, and the defendants have not questioned the sufficiency of the evidence to support any of them and no statement of facts is on file. It is, therefore, not material that additional findings made regarding the subject matter of findings requested were contrary to or different from these requested findings nor that original findings concerning matters stated in the request were left in effect. So, we will only consider whether the trial court failed to make a finding about some matter material to this appeal, and we find no such omission. There were ten numbered paragraphs in the request. Requested finding 1 is actually not material under the conclusions we have stated, but most of the subject matter is covered by original findings 5 and 6 and the part omitted is indefinite (we refer to paragraph (a)), evidentiary, or contradictory of statements in original findings 5 and 6. Requested finding 2 is, in terms, a conclusion of law, but if defendants had a right to cultivate the right of way their deed to plaintiff subjected it and the rest of their 39.8 acres to the plaintiff's right of access to the valve. Locating the use of this right on the right of way created no new interference with the wife's homestead rights. Further, original finding 20, which we construe as referring to the way actually used, extending in part over the right of way, is that this way was the most reasonable way, and original findings 8 to 10, inclusive, and 12 to 15, inclusive, and supplemental findings 1 to 5, inclusive, concerning the use of this way and defendants' intention about and acquiescence in this use demonstrate that there never was any interference with the wife's homestead rights which was not a necessary and immediate consequence of her own deed to the plaintiff. Requested finding 3 was given as additional finding 6. Requested finding 4 is a part of additional findings 1 and 2. The subject matter of requested finding 5 is covered by additional findings 3 to 5, inclusive, and by statements in many original findings, namely, Nos. 5 to 7, inclusive, 9 and 10, and 12 to 15, inclusive. Requested finding 6 is covered by additional finding 4 and other findings included in our preliminary statement. Requested findings 7 to 9, inclusive, pertain to the question, whether the wife agreed or consented to the plaintiff's use of the way which plaintiff did use. The subject matter of these requests is covered directly by original findings 7 and 15 and additional findings 3 to 5, inclusive, and indirectly by statements in other findings. Requested finding 10 presents a formal matter.

All of the requested findings have been discussed. Defendants have not demonstrated error under Point 2, or at least have not demonstrated any harmful error, and Point 2 is overruled. See: Wade v. Taylor, Tex.Civ.App., 228 S.W.2d 922, at page 925, and decisions cited there; Donalson v. Horton, Tex.Civ.App., 256 S.W.2d 693.

■ 4. Point 3 assigns error to the sufficiency of the description of the way made in the trial court's judgment. This description depends in part on artificial objects on the ground and we cannot say from the terms of the judgment, without a statement of facts, that it is inadequate. Point 3 is overruled. The findings summarized which show the existence, nature, and use of the private road when the deed was made and the use thereafter show that the way described in the judgment is clearly defined on the ground and is not to be confused with any other.

All Points of Error having been overruled, the judgment of the trial court is affirmed.