PRESTON DEL NORTE VILLAS ASSOCIATION et al., Appellants,

v.

The PEPPER MILL APARTMENTS, LTD., Appellee.

No. 19655.

Court of Civil Appeals of Texas, Dallas.

Dec. 29, 1978.

Rehearing Denied Feb. 2, 1979.

Ralph W. Pulley, Jr., Robert K. Frisch, Phinney, Hallman, Pulley & Coke, Dallas, for appellants.

· G. Leroy Street, Geary, Stahl, Rohde & Spencer, Dallas, for appellee.

Before GUITTARD, C. J., AKIN and ROBERTSON, JJ.

GUITTARD, Chief Justice.

The trial court issued a permanent injunction restraining obstruction of a private roadway across a condominium project managed by defendant Preston Del Norte Villas Association. The injunction is based on an alleged easement reserved for the benefit of adjoining property in the declaration establishing the rights of the parties in the condominium project. Plaintiff, The Pepper Mill Apartments, Ltd., is the owner of the adjoining property, on which an apartment project has been constructed. The injunction was issued for the benefit of plaintiff and its tenants. Purchasers of condominiums within the condominium project were joined as defendants and were included in the injunction. On this appeal defendants challenge the trial court's finding of the existence of the easement on the ground that it was intended to be effective only if the condominium project should be enlarged to include the adjoining property now owned by plaintiff. They also complain of the exclusion of certain testimony tending to show such an intent on the part of the common predecessor in title, who made the declaration of condominium, and they further assert that the purported reservation of an easement in the declaration does not sufficiently describe and locate the roadway. We hold that the declaration of condominium reserves an easement for the benefit of the owners of the adjoining property, regardless of whether the property is included in the condominium project, and that the easement was sufficiently located by the acts of the parties. Consequently, we affirm the order granting the injunction.

The case turns on an interpretation of the provisions of the declaration of condominium. At the time of that declaration, Preston Centennial owned approximately twenty-one acres of land, of which only the easterly six acres, bordering on Preston Road, were declared to be subject to the condominium regime. The declaration refers to maps locating each of the condominium units, with the accompanying green areas, driveways, utility easements, and other common elements, and provides for deeds to convey the units with reference to these maps. The declaration also provides for ownership of undivided interests in the common elements and for ingress and egress to the units and common elements. Paragraph 13 provides that for a limited time the defendant, Preston Centennial, may amend the declaration to include all or part of the declarant's remaining lands, consisting of approximately fifteen acres, described by metes and bounds, located to the west of the six acres, and further provides that in that event the remaining lands shall become part of the condominium project, the undivided interests of the owners in the common elements shall be adjusted accordingly. Paragraph 26 contains the easement reservation enforced by the trial court's injunction, as follows:

26. Declarant reserves the right to establish easements, reservations, exceptions and exclusions consistent with the Condominium ownership of the Condominium Project and for the best interests of the Condominium Unit Owners and the Association in order to serve the entire Condominium Project. Declarant, for itself, its successors and assigns, retains a permanent easement across and through the lands described in Exhibit "A", hereto, for ingress and egress to the lands described in Exhibit "E", hereto, *regardless of whether such lands, or any part thereof, become a part of the Condominium Project as provided in Paragraph 13 hereof.* [Emphasis added.]

After filing this declaration, Preston Centennial continued with development of the condominium project, including thirty-nine units and common elements consisting of a clubhouse, a swimming pool, roadways, alleys, and green areas. A guard house was built at the entrance of the project on Preston Road and a guard was stationed to control traffic and prevent use of the roadways by the general public. The fifteen-acre tract to the west of the condominium area was conveyed to other owners and

was subsequently purchased by plaintiff, The Pepper Mill Apartments, Ltd., which commenced the construction of apartment buildings on the fifteen-acre tract. Plaintiff permitted contractors to operate construction vehicles and equipment across the roadways within the condominium area. This use prompted defendants to place a chain across the roadway at the west end of the area. Plaintiff then filed this suit for an injunction restraining interference with access to its property across the six-acre condominium area.

The trial court found that at the time of the execution and filing of the condominium declaration, it was the intention of Preston Centennial to retain for itself, its successors and assigns, a permanent easement across defendants' six-acre condominium area for ingress and egress to the remaining fifteen acres now owned by plaintiff. Defendants challenge this finding as against the great weight and preponderance of the evidence, and they insist that the evidence establishes that Preston Centennial did not intend to create such a permanent easement as would benefit plaintiff and its tenants in the event the fifteen acres should be utilized for purposes other than condominiums. Defendants argue that at the time of the declaration, Preston Centennial intended to utilize the entire twenty-one acre tract for condominium purposes, and that in this context the easement reservation in paragraph 26 of the declaration should be construed as terminating when the fifteen-acre tract was put to a different use. They interpret the language of paragraph 26, "regardless of whether such lands [the fifteen acres] or any part thereof, become a part of the Condominium Project as provided in paragraph 13 hereof," as equivalent to providing, "regardless of whether such lands or any part thereof, become a part of the Condominium Project as provided in paragraph 13 hereof, or some other condominium project, *so long as such lands are used for condominiums similar to those within the original project.*"

We conclude that paragraph 26 is not susceptible to this interpretation. Its meaning is clear in the light of other provisions of the declaration. The only land declared to be subject to the condominium regime is the east six acres of the twenty-one acre tract. Preston Centennial reserves the right to include all or part of the remaining fifteen acres in the condominium project and also reserves a permanent easement across the six-acre tract for ingress and egress to the *remaining lands, regard-less* of whether such lands become a part of the condominium project. No limitation of use of the easement to owners of condominiums on the remaining lands is expressed or reasonably implied from any of the language of the declaration.

Neither would the evidence of the circumstances existing at the time of the declaration support a different interpretation, even if all the evidence had been admitted. Evidence admitted by the court tended to show that the owners of Preston Centennial contemplated use of the entire twenty-one-acre tract for condominiums, that a plat had been prepared showing development of all the land for that purpose, that the clubhouse and pool were designed to serve the entire project, that the thirty-nine condominiums on the six-acre tract were considered the first phase of the larger development, and that the owner intended to protect the remaining fifteen acres for condominium development. On the other hand, there was evidence that at the time of the declaration, the only direct and immediate access to the remaining fifteen acres from a major thoroughfare was from Preston Road along a roadway already in use across the six acres now owned by defendants. Although this evidence may not be sufficient to support an easement by necessity or by implication, as contended alternatively by plaintiffs, it does tend to negate any implication that use of the easement was limited to owners of future condominiums on the fifteen-acre tract. The declaration imposed no obligation on Preston Centennial to develop the remaining land for condominiums, and in light of the express language of paragraph 26, it is not reasonable to suppose that Preston Centennial intended to leave that land without

access to Preston Road in the event it should be developed in a different manner. At least, the trial court was justified in so finding. Consequently, we find no evidence of circumstances that would require the imposition of restrictions on use of the easement not expressed in paragraph 26.

■ Defendants complain particularly of the exclusion of the testimony of Helen Farley, who was employed as sales manager of the condominium project at the time of the declaration, that she was instructed to represent to prospective purchasers of condominiums that the entire twenty-one acres would be developed for condominium use. This testimony was offered to rebut the testimony of plaintiff's witness Bass to the effect that Preston Centennial did not intend to develop the entire twenty-one-acre tract into a condominium project pursuant to a common plan and scheme of development. As shown in a bill of exception, Farley testified that she was instructed by her superiors in Preston Centennial to represent to purchasers that the entire twenty-one-acre tract would be developed as a condominium project, and she identified sales brochures describing such a project.

We conclude that exclusion of this testimony was not reversible error. Since the trial judge heard the testimony anyway when it was given for the purpose of the bill, and the trial was without a jury, perhaps the better practice would have been for the trial court to admit the testimony for what it was worth, and then disregard it if he considered it irrelevant. However, the testimony, if admitted, could not be given the effect of restricting the scope of the easement reserved by the declaration in unambiguous language. Consequently, we have no basis to hold that admission of this testimony would probably have resulted in a different judgment. Moreover, this testimony if offered to define the scope of the easement, would have been inadmissible under the parol evidence rule. *Coleman v. Forister*, 514 S.W.2d 899, 903 (Tex.1974).

■ Defendants attack the trial court's findings that plaintiff's tract is the dominant estate and defendants' tract is the servient estate. In this connection defendants argue that for an easement to exist there must be dominant and servient estates held by different owners, and here there was no separation of ownership, since Preston Centennial owned the entire twenty-one acres at the time of the declaration. We do not agree. Even though there may have been no separation of ownership at the time of the declaration, Preston Centennial subsequently conveyed title to the condominiums to defendants, together with title to undivided interests in the common areas, subject to the provisions of the declaration. Consequently, when defendants took title to their properties, a separation of ownership occurred, and defendants' titles became subject to the reserved easement.

■ Defendants also attack the trial court's findings on the ground that the declaration does not describe the easement in a manner sufficient to satisfy the Statute of Frauds and the Statute of Conveyances. In this connection defendants point out that the plat of the six-acre tract referred to in the declaration shows only a "37′ water and sanitation easement," and does not indicate any roadway across the six acres between Preston Road and the remaining fifteen acres. We conclude that although the easement is not specifically located in the declaration, such a description is not necessary to its validity. Both the six-acre tract and the fifteen-acre tract are described by metes and bounds, and the roadway along the strip designated as a water and sanitary easement was then in use. Consequently, the location was sufficiently definite. *Elias v. Horak*, 292 S.W. 288, 290 (Tex.Civ.App.—Austin 1927, writ ref'd). If not definitely located at that time, the subsequent location and use of the roadway along the course of the water and sanitary easement provided sufficient certainty. *Matlock v. Humble Oil & Refining Co.*, 284 S.W.2d 407, 411 (Tex.Civ.App.—Beaumont 1955, writ ref'd n. r. e.).

■ Finally, defendants complain that the court erred in concluding that plaintiff's easement rights inure to benefit of its ten-

ants or lessees. In support of this contention, defendants rely on *Anderson v. Tall Timbers Corp.*, 378 S.W.2d 16, 23 (Tex.1964), which holds that an easement for a roadway, which was claimed by the owner of an apartment project for itself and its tenants, could only be conveyed by a grant, and, that the mere reference in a deed to a private easement shown on a plat did not grant such rights as would entitle the project owner to open a public street along the easement referred to or to assert the rights of its tenants to use it for ingress and egress. That case does not support defendant's argument. Here, the declaration expressly reserves an easement for ingress and egress and further provides that all covenants, easements, uses, and obligations run with the land for the benefit of Preston Centennial, its successors and assigns. We see no reason why plaintiff, as the successor of Preston Centennial, could not assign its easement right of ingress and egress temporarily by lease as well as permanently by deed. Such rights would pass as appurtenant to any conveyance or lease of property within the fifteen-acre tract described in the declaration.

Affirmed.